# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| RICHARD J. TAYLOR, ) | |
| Plaintiff, ) | |
| v. ) | Case No. CV410-119 |
| AL ST. LAWRENCE, *Chatham County Sheriff*, ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

Inmate-plaintiff Richard J. Taylor moves under 28 U.S.C. § 1915 to file his 42 U.S.C. § 1983 case in forma pauperis. Doc. 2. The Court grants him the motion, as he is indigent. However, the Prison Litigation Reform Act (PLRA) requires federal courts to conduct early screening of all prisoner suits against governmental entities or officials for the purpose of identifying claims that are subject to immediate dismissal as frivolous, malicious, or legally insufficient. 28 U.S.C. § 1915A (courts must identify "cognizable claims" filed by prisoners or other detainees and dismiss claims which are frivolous, malicious, fail to state a claim for relief, or seek

monetary relief from a defendant immune from such relief); *see also* 42 U.S.C. § 1997e(c)(2) (allowing dismissal on the same four standards provided by § 1915A as to any prisoner suit brought "with respect to prison conditions"). The Court will therefore examine the complaint to determine whether it states a colorable claim for relief.

Taylor alleges that while he was incarcerated at the Chatham County, Georgia jail on November 19, 2009, he was "escorted to segregation on an unknown accusation, per Major Wilcher." Doc. 1 at 5. He filed a grievance with the jail's grievance system to no avail. *Id.* Then he filed another, asking why he was being segregated. The jail responded that it was "because of making [a] terroristic threat by phone call [to] an unknown individual." *Id.* Plaintiff administratively appealed but has never received a response. *Id.* Held in segregation for 32 days and on phone restriction, he never received an Inmate Disciplinary Report showing the basis for his segregation. *Id.*

For relief Taylor wants the Court "to compel the Chatham County Sheriff to enforce the grievance procedure and investigate the misconduct of the proper procedure causing [plaintiff] mental [a]nguish, pain and

suffering." *Id.* at 6. He also seeks monetary damages. *Id.*

Setting aside for the moment whether Taylor has sued the proper defendant (he does not allege a specific basis for suing the jail's sheriff), he fails to state a constitutional claim, which is the requisite minimum for maintaining a § 1983 suit. Prison grievance procedures are not constitutionally mandated. *Baker v. Rexroad*, 159 F. App'x 61, 61-62 (11th Cir. 2005) (state prison inmate had no liberty interest in access to prison's voluntarily established inmate grievance procedures, so corrections officials' failure to take corrective action on his administrative appeal from an adverse ruling at a disciplinary hearing could not constitute the violation of his due process rights, thus precluding his § 1983 action against prison officials); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) ("there is no constitutional right to participate in grievance proceedings"); *Davis v. Ellsworth,* 2010 WL 2573812 at * 2 (M.D. Fla. June 24, 2010). Because such procedures are not mandated, they do not create a liberty interest that can give rise to a due process violation. *See Baker*, 159 F. App'x at 62.

To the extent Taylor advances some sort of claim based on his

administrative segregation, it fails. Prison inmates can advance a liberty interest concerning a condition of confinement only if it "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Thus, "[d]iscipline by prison officials in response to a wide range of misconduct falls within the expected perimeters of the sentence imposed by a court of law." *Id.* at 485. Plaintiff has alleged nothing exceeding the *Sandin* limits here. *See Rodgers v. Singletary*, 142 F.3d 1252, 1253 (11th Cir. 1998) (inmate was not deprived of a constitutionally protected liberty interest when he was placed in administrative confinement as result of allegedly false disciplinary report); *see also Al-Amin v. Donald*, 165 F. App'x 733, 737-39 (11th Cir. 2006) (inmate's confinement in administrative segregation for years implicated no liberty interest because conditions of segregation were basically equivalent to those of the general population).

Claims brought pursuant to § 1983 cannot be based upon theories of vicarious liability or respondeat superior. *Ashcroft v. Iqbal*, 556 U.S. \_\_, 129 S. Ct. 1937, 1948 (2009); *Polk County v. Dodson*, 454 U.S. 312, 325

4

(1981); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). So to the extent Taylor seeks to sue sheriff Al St. Lawrence, he must demonstrate either that St. Lawrence directly participated in the alleged constitutional deprivations or that there is some other causal connection between his acts or omissions and the alleged constitutional deprivations. *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003); *Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988) (per curiam). Plaintiff has made no such showing.

To summarize, the Court **GRANTS** Richard J. Taylor's in forma pauperis motion. Doc. 2. Because he presents no grounds for relief, his case should be **DISMISSED WITH PREJUDICE.**

**SO REPORTED AND RECOMMENDED** this  1st  day of September, 2010.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT of GEORGIA